UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-9737 PSG (MRWx) | Date | May 4, 2016 |
|---|---|---|---|
| Title | Jose Martinez, *et al.* v. Citimortgage, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order DENYING Motion to Remand

Pending before this Court is Plaintiffs Jose Martinez and Silvia Martinez's (collectively "Plaintiffs") motion to remand to state court. *See* Dkt. # 26. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Plaintiffs' motion.

The Local Rules and this Court's Standing Order require counsel to meet and confer at least seven days prior to filing a motion like the one at issue. *See L.R.* 7-3; *Standing Order* ¶ 5(b). Local Rule 7-3 provides that:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution…If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

L.R. 7-3. Similarly, this Court's Standing Order states:

> Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly…the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor or otherwise nonsubstantive matters during the conference.

*Standing Order* ¶ 5(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-9737 PSG (MRWx) | Date | May 4, 2016 |
|---|---|---|---|
| Title | Jose Martinez, *et al.* v. Citimortgage, Inc., *et al.* | | |

Plaintiffs' notice of motion does not indicate that counsel met and conferred prior to the filing of the motion. *See* Dkt. # 26. In opposition to Plaintiffs' motion, Defendant indicates that Plaintiffs made no attempt to contact Defendant's counsel prior to filing the motion to remand. *See Opp.* 2. Plaintiffs did not timely file a reply brief, let alone one refuting Defendant's contention.

The meet and confer requirements of Local Rule 7-3 are in place for a reason, namely to conserve the resources of the parties and the Court by "allow[ing] for a possible informal resolution of an issue without court intervention, but also [to] enable the parties to brief the remaining disputes in a thoughtful, concise and useful manner." *See Caldera v. J.M. Smucker Co.*, CV12-4936 GHK (VBKx), 2013 WL 6987905, at *1 (C.D. Cal. Jun. 3, 2013) (internal quotations omitted). This Court is "unwilling to excuse noncompliance with the Local Rules" absent any evidence that there was a good faith effort to meet and confer. *See Superbalife Int'l v. Powerpay*, No. CV 08-5099 PSG, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7 2008). The Court therefore DENIES Plaintiff's motion to remand for failure to comply with Local Rule 7-3.

**IT IS SO ORDERED.**